■—-Appeal from a decision and award of the Workmen’s Compensation Board. Claimant went to work for the John Eiehler Brewing Company in 1943 and continued working for this company and Liebmann Breweries, Inc., its successor by corporate merger in 1948, until his disablement on December 16, 1950 from Dupuytren’s contracture, a characteristic occupational disease of brewery workers. For the purpose of applying the provisions of section 40 of the Workmen’s Compensation Law, the continuance of claimant in the employment of the merged corporation is deemed working for the “ same employer ” in the “same employment”. (Matter of Biederman v. Liebmann Breweries, 1 A D 2d 708.) There is adequate proof that claimant became disabled in the employment and that the disability of December 16, 1950 was caused by an occupational disease. Although Dupuytren’s contracture is a slowly developing disease, and there are circumstances in which an employee can continue to work with it, there may come a point at which in medical opinion a man ought not to continue to work because of the disease. When such opinion is expressed and the time fixed, as it is in this ease, a sufficient record may be made upon which to base a finding of disablement. On May 21, 1947 while Eiehler was the employer, the claimant filed a claim based on an “ accident ” occurring March 4, 1944. This was not a claim for occupational disease, but for a stated acei-dent. The claim was dismissed by the board because not filed within two years of the accident (§ 28). There is proof that the physician who examined claimant following this accident found evidence of Dupuytren’s contracture. The decision of the board dismissing the claim because not filed in time, would not preclude filing of a later claim based on occupational disease if such disease continued, whether it existed at the time of the dismissal of the earlier claim based on accidental injury or not. Even if a claim for occupational disease is dismissed for failure to file within the statutory time after disability there is no bar to the filing of further claim for new disability if there is continued later exposure to the disease in employment. Proof of such continued exposure and of consequent disability is fully established in the record. Award unanimously affirmed, with costs to Workmen’s Compensation Board.
Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.